UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICKEY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:09-cv-397-WTL-TAB |
| ) | |
| M.D. ALFRED TALENS, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Summary Judgment**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted).

The defendant's motion for summary judgment (dkt 28) is based on his showing that the plaintiff failed to comply with the exhaustion requirement prior to bringing this action. The plaintiff opposes this argument by demonstrating that he filed a tort claim with the Office of the Indiana Attorney General prior to filing the action. That filing, however, does not satisfy the *administrative remedies* to which the PLRA addresses itself. *Gaughan v. United States Bureau of Prisons,* 2003 WL 23139359, *1 (N.D.Ill. 2003). Accordingly, the defendant's motion for summary judgment must be **granted** and this action must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/26/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana